UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UN4 PRODUCTIONS, INC.,

    Plaintiff,

v.

EDWARD VASQUEZ, *et al.*,

    Defendants.

Case No. C17-0785RSL

ORDER REGARDING SERVICE

    This matter comes before the Court on plaintiff's "Motion to Permit Alternative Mail Service or for Additional Time to Attempt Process Service." Dkt. # 46. Plaintiff has not served five of the named defendants, and the deadline for service (which had previously been extended at plaintiff's request) expired on September 7, 2017. Plaintiff seeks leave to serve Nik Penchev and Robert Morrison by mail, arguing that they are wilfully hindering or actively evading service. Plaintiff also seeks an extension of time in which to serve Madison Palmer, Olga Levinta, and Andrew Soth because they have moved and past efforts to serve have been ineffective.

**A. Service by Mail**

    Federal Rule of Procedure 4(e)(1) allows plaintiff to effect service "pursuant to the law of the state in which the district is located." Washington law authorizes service by mail upon a showing that (a) defendant has made reasonably diligent efforts at personal service (Rodriguez v. James-Jackson, 127 Wn. App. 139, 140 (2005)), and (b) defendant resides in the state but has concealed herself in order to avoid service of process (RCW

ORDER REGARDING SERVICE BY MAIL - 1

4.28.100(4)). Plaintiff has made multiple unsuccessful attempts to personally serve defendants Penchev and Morrison. There is evidence that the named defendants reside at, or are associated with, the addresses used by the process servers. In addition, the servers reported that individuals inside the residences at the time service was attempted refused to open the door and/or respond to messages left through the call box service. All of the prerequisites for allowing service by mail are therefore satisfied as to defendants Penchev and Morrison, and there is reason to believe that service by mail will effectively notify defendants of the claims against them.

**B. Extension of Service Deadline**

It can be challenging to meet the 90 day service deadline in BitTorrent cases where plaintiff must first conduct discovery from the ISP before it can identify, name, and serve the defendant. It can be done, however, and the Court has repeatedly indicated that it expects at least a good faith effort to comply with the service deadline. In this case, the service deadline has already been extended for three weeks based, in part, on plaintiff's efforts to utilize the waiver of service procedure set forth in Fed. R. Civ. P. 4(d). Dkt. # 26 at 1. The waivers were due within days of the original service deadline, and plaintiff should have known by mid-August that the addresses it had for defendants Palmer, Levinta, and Soth were invalid. Even if the Court were to assume that the waivers were not returned to sender by the United States Postal Service, the process servers confirmed that the addresses were invalid on August 22nd. This motion was not filed until September 5th. There is no evidence that plaintiff took any steps to locate or serve defendants or to support plaintiff's assertion that it "has shown diligence in seeking service" on these defendants. Dkt. # 46 at 5.

//

1         For all of the foregoing reasons, plaintiff's request for permission to serve defendants Penchev and Morrison by mail is GRANTED. The request for an extension of time in which to serve defendants Palmer, Levinta, and Soth is DENIED. The claims against Madison Palmer, Olga Levinta, and Andrew Soth are hereby DISMISSED.

        Dated this 21st day of September, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge