Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UN4 PRODUCTIONS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>THERESA KIRWAN, an individual;<br>MORTEDHA AL-SULTAN; an individual;<br>NIK PENCHEV, an individual;<br>FRANCISCO RAMIREZ, an individual;<br>LUCY KURIA, an individual;<br>ROBERT MORRISON, an individual;<br>SENGHOUT LIM, an individual;<br>NOUREDIN ALHEGNI, an individual;<br>CATIE WENTZ, an individual;<br>GRISELDA GOMEZ, an individual;<br>TARA SALZER, an individual; and<br>CURTIS CASSES, an individual;<br><br>            Defendants. | Civil Action No. 17-cv-785RSL<br><br>MOTION FOR DEFAULT JUDGMENT AGAINST MORTEDHA AL-SULTAN (DOE 6)<br><br><br>NOTE ON MOTION CALENDAR:<br>May 17, 2019 |

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION

Civil Action No. 17-cv-785RSL

INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Pursuant to Fed. R. Civ. P. 55 and L.R 55(b), Plaintiff moves the Court for a default judgment and permanent injunction against the last active Defendant in this case, Mortedha Al-Sultan, who is subject to an Order of Default. This motion is supported by the following points and authorities, the record in this action and submission herewith.

## BACKGROUND

Plaintiff brought this action for copyright infringement against a number of Doe defendants identified by Internet Protocol ("IP") addresses. After conducting preliminary discovery with respect to the identities of the subscribers assigned the subject IP addresses, Plaintiff filed its amended complaint naming Defendant. (Dkt. 12) Plaintiff alleges that it owns the rights in the protected motion picture *Boyka Undisputed 4*, and that Defendant directly, indirectly or contributorily infringed Plaintiff's copyright. Plaintiff seeks injunctive relief, destruction of unauthorized copies, statutory damages and reasonable attorney's fees and costs. (*Id.*, Prayer for Relief)

Defendant was served with the summons and complaint on August 21, 2017. (Dkt. 34) Defendant filed a letter with the Court on September 8, 2017, which Plaintiff has assumed would be construed as an answer. (Dkt. 49) Defendant failed to provide a current telephone or email contact. That has been the only communication from Defendant in this case, despite Plaintiff's numerous efforts to establish communication doe Defendant. Pursuant to the Court's multiple scheduling orders (Dkts. 92, 93), Plaintiff made multiple efforts to reach Defendant to schedule the required Rule 26(f) conference on. (Dkt. 123 ¶¶ 2-4) Defendant's failure to response whatsoever to Plaintiff's multiple attempts at communication forced Plaintiff to conduct the Rule 26(f) conference with other Defendants and submit the Joint Status Report on behalf of those that participated, noting to the Court Plaintiff's unsuccessful efforts with Defendant. (Dkt. 95) After the Court issued the February 21, 2018 Minute Order setting trial and related dates, Plaintiff proceeded with prosecution of the case, including initiating written discovery given the close of discovery set for November 4, 2018. (Dkt. 96)

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 1
Civil Action No. 17-cv-785RSL
INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiff served its first set of interrogatories and requests for production on Defendant on June 14, 2018. (Dkt. 123 ¶¶ 6-7) Defendant's responses were due no later than July 17, 2018. When Defendant had failed to respond by that date, Plaintiff provided four written notices via both regular mail and email (no phone number was every provided by Defendant) of the discovery deficiency and requested a Rule 37 conference. (Id. ¶ 8) Plaintiff brought a motion to compel discovery as well as to seek sanctions against Defendant for his utter failure to adhere to the rules or participate in the litigation process. The Order dated October 24, 2018, the Court granted in part Plaintiff's motion to compel, requiring that Defendant produce discovery responses by November 30, 2018, and further awarded expenses under Rule 37. (Dkt. 124) By Order dated November 21, 2018, the Court awarded Plaintiff's fees, requiring that it be paid within 30 days. Defendant has ignored both Orders. (Dkt. 128 ¶ 2) Plaintiff was unable to reach Defendant by phone and unsuccessfully attempted to reach Defendant via email and regular mail for participation in necessary pretrial matters, without avail. (Id. ¶¶ 3-4)

On February 14, 2019, Plaintiff move for a show cause order why Defendant Al-Sultan, the last active Defendant in the case, should not be found in default as a sanction his continued intransigence in this case. (Dkt. 127) By Order dated April 5, 2019, the default was entered against Defendant Al-Sultan. (Dkt. 131) Proof of service or waiver of the amended complaint was filed with the Court. (Dkt. 44) When the Defendant failed to answer or otherwise respond within the time required by law, Plaintiff moved for default, which was entered. (Dkt. 89) Plaintiff now moves for default judgment and the relief requested.

## ARGUMENT

Once a default is entered against a party, all allegations other than damages are presumed to be true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 2
Civil Action No. 17-cv-785RSL
INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### 1. Plaintiff has proven copyright infringement

To prevail on a copyright infringement claim requires (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003). Plaintiff's complaint allegations, assumed true, establish these elements.

### 2. Defendant's conduct was willful

Statutory damages, discussed below, may be increased if the defendant willfully infringed the plaintiff's copyright. 15 U.S.C. § 504(c)(2). Allegations that a defendant acted willfully are properly deemed to be true once the court enters a default. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Salyer v. Hotels Com GP, LLC*, 2015 U.S. Dist. LEXIS 82171 (W.D. Wash. 2015). Here, Defendant's willful infringement warrants enhanced statutory damages.

### 3. Plaintiff has suffered real harm

It is sometimes lost on review of copyright enforcement actions that at the heart of this case is the injury suffered by Plaintiff. In the present case, the motion picture *Boyka Undisputed 4* contains the work of numerous actors, actresses and others who invested their own time and money to bring their motion picture to fruition. The result of the piracy by Defendant and others is not only the loss of a few sales of tickets or DVD's, but the erosion of an entire industry impacting countless people that contribute to the final product as Plaintiff and parties like Plaintiff endure losses in the billions of dollars.[1]

### 4. Default Judgment is Appropriate

Courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) to determine if default judgment is appropriate. Here, all factors weigh in favor of default judgment. Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a legal remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Plaintiff has adequately alleged and shown Defendant's liability. The amount at stake is also relatively modest, depending on the means of

---

[1] Projected 2015 digitally piracy value between $80-$240 billion. http://www.iccwbo.org/Advocacy-Codes-and-Rules/BASCAP/BASCAP-Research/Economicimpact/Global-Impacts-Study/ (Ref. June 1, 2015)

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 3
Civil Action No. 17-cv-785RSL
INIP-6-0083P55 MOTDJ (Al-Sultan)


701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

each Defendant—Plaintiff seeks damages at the lower end of the statutory range along with modest attorney's fees and costs for efficient work on this case. Defendant's failure to respond is not the product of excusable neglect; he was properly served. Finally, although there is a strong policy for deciding cases on their merits, Defendant's failure to respond to Plaintiff's claims means that this factor does not preclude entry of default judgment. *See Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1013 (C.D. Cal. 2014)).

**5.    Appropriate relief**

Plaintiff respectfully requests: (a) permanent injunctive relief; (b) statutory damages sufficient to compensate Plaintiff and deter future infringement; and (c) attorneys' fees and costs.

   **a.    *Injunctive relief is appropriate to prevent continued infringement***

17 U.S.C. § 502(a) authorizes an injunction to "prevent or restrain infringement of a copyright." Defendant by default has admitted to the willful conduct in this case, has been found liable for infringement in the instant action and likely possesses the means to continue infringement in the future, meeting court requirements for issuing such an injunction. *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 940 (N.D. Cal. 1996); *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.") Section § 503(b) authorizes the "destruction or other reasonable disposition" of all copies made or used in violation of the copyright owner's exclusive rights. Therefore, Plaintiff is entitled to and requests injunctive relief.

   **b.    *Statutory damages are proper and should be of a sum sufficient to deter others***

"[S]tatutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11 (9th Cir. 2009), *cert. den.* 130 S. Ct. 2405 (2010); 17 U.S.C. § 504(a). The Supreme Court has held that an award of statutory damages within the limits prescribed by Congress is appropriate "even for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). The Copyright Act specifically provides for statutory damages not less than $750 or more than $30,000,

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 4
Civil Action No. 17-cv-785RSL
INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

increased up to $150,000 for willful infringement. Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989).

The damages available in copyright claims are specifically designed to overcome their speculative nature or the need of a plaintiff to prove actual economic damages. But more importantly, the Copyright Act statutory damages have a specific focus on public harm and deterrence due to the prevalence and disregard of the greater harm caused. To deny or minimize statutory damages would thwart the intent of Congress for increased penalties to act as a deterrent, perpetuating the notion that online theft is as much a right as many parties seem to believe. *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011), *cert. denied* (2012) ("many infringers do not consider the current copyright infringement penalties a real threat and continue infringing, even after a copyright owner puts them on notice. . .") Unless a willful and persistent infringer who repeatedly disregards notices is subjected to more than the absolute minimum, infringers and the public as a whole will not appreciate the significance of Plaintiff's claims or even these judicial proceedings.

Plaintiff acknowledges that most recently the Court has awarded only the minimum statutory damages in the default judgments in this cases, and made Defendants in each case jointly and severally liable, and asks that no less than this amount be awarded against Defendant.

   **c.**   ***Plaintiff seeks an award of reasonable attorney fees and costs per statute***

Plaintiff seeks attorney fees under 17 U.S.C. § 505, which is proper and within the Court's discretion. *Frank Music,* 886 F.2d at 1556. District courts should consider the following nonexclusive factors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need to advance considerations of compensation and deterrence. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 614 (9th Cir. 2010). In the present case, Plaintiff's success is complete. The claims as

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 5
Civil Action No. 17-cv-785RSL
INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

deemed fully admitted are not frivolous. Plaintiff's motivation is to enforce its rights. The position of Defendant is deemed objectively unreasonable given their failure to advance any factual or legal arguments against Plaintiff's claims. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988-1989 (2016).

In light of concerns raised in the Court's prior orders regarding the amount of attorney's fees in similar cases, Plaintiff has carefully reviewed its time records and in several cases further reduced the attorney's fees sought. Plaintiff respectfully submits that the time indicated as spent pertaining to just this Defendant is both appropriate and reasonable. Plaintiff accepts the $350/hour rates previously found reasonable by the Court in this case. (Dkt. 130 at 10).

Regarding the amount of hours spent on this case, while Plaintiff respectfully disagrees with the Court's prior award of a single hour of time at $350 for what it describes as "form-pleading" work, Plaintiff has accepted that for purposes of this motion. But Plaintiff respectfully submits that unlike with other Defendants in this case, as documented above, Defendant's actions have made this case exceptional, forcing Plaintiff to expend substantial additional time and expense on unsuccessful scheduling events to meet court deadlines, multiple written communications to Defendant, engaging in written discovery (interrogatories and requests for production), a motion to compel discovery (leading to a monetary sanction), and a motion to show cause leading to default. Plaintiff is entitled to be compensated for this unique additional work on this claim in the amount of 3.8 hours and $1,330 (including the previously awarded $455 sanction), in addition to the $466 awarded in the other cases for attorney and legal assistant time, as documented in the supporting declaration of Plaintiff's counsel. (Lowe Dec. ¶¶ 5-6)

Plaintiff respectfully requests that the Court enter judgment against the defaulted Defendant.

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 6
Civil Action No. 17-cv-785RSL

INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1  RESPECTFULLY SUBMITTED April 22, 2019

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 7

Civil Action No. 17-cv-785RSL

INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ David A. Lowe

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 8

Civil Action No. 17-cv-785RSL

INIP-6-0083P55 MOTDJ (Al-Sultan)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301