UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UN4 PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MADISON PALMER, *et al.*, <br><br> Defendants. | Case No. C17-0785RSL <br><br> ORDER DIRECTING ENTRY OF DEFAULT JUDGMENT AGAINST MORTEDHA AL-SULTAN |

This matter comes before the Court on plaintiff UN4's motion for default judgment against defendant Mortedha Al-Sultan. Dkt. #132. Having reviewed the relevant briefing and the remainder of the record, the Court finds as follows:

### I. BACKGROUND

This motion for default judgment is just one of the more than one hundred default judgment motions filed by plaintiff's counsel in twenty-six cases before the undersigned. All of the cases assert essentially the same causes of action based on remarkably similar allegations, although the motion picture at issue, the owner of the copyright, and the defendants vary. For purposes of this motion, UN4 alleges that 60 individual defendants unlawfully infringed its exclusive copyright to the motion picture

ORDER GRANTING IN PART MOTION
FOR DEFAULT JUDGMENT - 1

*Boyka Undisputed 4*, which it developed and produced, by copying and distributing the film over the Internet through a peer-to-peer network using the BitTorrent protocol. Plaintiff served internet service providers ("ISP"s) with subpoenas in order to identify the alleged infringers. Amended complaints identifying defendants by name were subsequently filed.

Defendant Al-Sultan was initially sued in the same complaint as twenty-two other individuals because, given the unique identifier associated with a particular digital copy of *Boyka Undisputed 4* and the timeframe in which the internet protocol address associated with each defendant accessed that digital copy, UN4 alleges that all of the defendants were all part of the same "swarm" of users that reproduced, distributed, displayed, and/or performed the copyrighted work. According to UN4, Al-Sultan and his co-defendants directly or indirectly shared, downloaded, and distributed a single unique copy of *Boyka Undisputed 4* that had been seeded to the torrent network at some undefined point in the past.

Al-Sultan initially responded to UN4's complaint (Dkt. # 49), but subsequently failed to participate in the Rule 26(f) conference or discovery. The Court issued an Order to Show Cause why default should not be entered against Al-Sultan for his failure to participate or respond to prior Court orders. Dkt. #129. Default was entered against him on March 4, 2019. Dkts. #131. UN4 now seeks judgment against Al-Sultan.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) authorizes a court to grant default judgment. Prior to entering judgment in defendant's absence, the Court must determine

ORDER GRANTING IN PART MOTION
FOR DEFAULT JUDGMENT - 2

whether the allegations of a plaintiff's complaint establish his or her liability. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Where the alleged facts establish a defendant's liability, the court has discretion, not an obligation, to enter default judgment. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). If plaintiff seeks an award of damages, it must provide the Court with evidence to establish the amount. TeleVideo Sys., 826 F.2d at 917-18.

    A.  <u>Liability Determination</u>.

The allegations in UN4's complaint establish Al-Sultan's liability for direct copyright infringement. To establish direct infringement, UN4 must demonstrate ownership of a valid copyright and that Al-Sultan copied "constituent elements of the work that are original." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Here, UN4 alleges it owns the exclusive copyright to the motion picture *Boyka Undisputed 4* and that Al-Sultan participated in a "swarm" to unlawfully copy and/or distribute the same unique copy of *Boyka Undisputed 4*. These allegations were established by entry of default against Al-Sultan. Accordingly, UN4 has established his liability for direct copyright infringement.

B. <u>Default Judgment is Warranted</u>.

Having established liability, plaintiff must also show that default judgment is warranted. Courts often apply the factors listed in <u>Eitel</u>, 782 F.2d at 1471-72, to make this determination. Those factors are:

> "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

The majority of these factors weigh in favor of granting default judgment against Al-Sultan. UN4 may be prejudiced without the entry of default judgment as it will be left without a legal remedy. See <u>Landstar Ranger, Inc. v. Parth Enters., Inc.</u>, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010). UN4's complaint sufficiently alleges a claim of direct copyright infringement, and Al-Sultan did not present any evidence to the contrary. Additionally, the Court finds there is a low probability that default against Al-Sultan was due to excusable neglect: defendant initially responded and was given ample opportunity to participate in this matter but has apparently chosen not to do so. Finally, although there is a strong policy favoring decisions on the merits, the Court may consider Al-Sultan's failure to participate and intransigence in the face of Court orders.

The Court acknowledges that a dispute concerning the material facts alleged by UN4, including the identity of the alleged infringers, could arise in this case. The Court also acknowledges that the amount at stake may be significant depending on the means of the defendant. UN4 seeks enhanced statutory damages in the amount of at least $750

ORDER GRANTING IN PART MOTION
FOR DEFAULT JUDGMENT - 4

along with attorneys' fees of $1,796 and costs of $142 from Al-Sultan. Notwithstanding these considerations, the Eitel factors weigh in favor of granting default judgment against defendant.

   C. Appropriate Relief.

UN4 requests entry of a default judgment against Al-Sultan providing the following three categories of relief: (1) permanent injunctive relief; (2) statutory damages; and (3) attorney's fees and costs. Each category is discussed below.

   i. *Permanent Injunctive Relief*

Permanent injunctive relief is appropriate. Section 502(a) of Title 17 of the United States Code allows courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." As part of a default judgment, courts may also order the destruction of all copies of a work made or used in violation of a copyright owner's exclusive rights. 17 U.S.C. § 503(b). Given the nature of the BitTorrent protocol and defendant's participation therein, the Court finds defendant possesses the means to continue infringing in the future. MAI Sys. Corp. v. Peak Comput., Inc., 991 F.2d 511, 520 (9th Cir. 1993) (granting permanent injunction where "liability has been established and there is a threat of continuing violations."). Consequently, the Court will issue a permanent injunction enjoining eefendant from infringing UN4's rights in *Boyka Undisputed 4* and directing them to destroy all unauthorized copies of *Boyka Undisputed 4*.

ORDER GRANTING IN PART MOTION
FOR DEFAULT JUDGMENT - 5

ii. *Statutory Damages*

Plaintiff requests that Al-Sultan be held jointly and severally liable with other defendants for statutory damages in the amount of at least $750. For the reasons stated in Dkt. #130, the Court will award UN4 $750 in statutory damages for the infringements involved in this action, for which all defaulted defendants are jointly and severally liable.

iii. *Attorneys' Fees and Costs*

Finally, UN4 asks the Court to award $1,796 in attorneys' fees and $142 in costs against Al-Sultan. Pursuant to 17 U.S.C. § 505, the Court "in its discretion may allow the recovery of full costs by or against any party," and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." As discussed in Dkt. #130, allocating 1 hour of attorney time at an hourly rate of $350 and .8 hours of legal assistant time at an hourly rate of $145 to compensate UN4 for shared activities related to pleadings, motions, and service documents is appropriate. In addition, Al-Sultan's failure to participate in discovery or to respond to Court orders caused UN4 to incur another $1,330 in attorney's fees that are appropriately charged to Al-Sultan in this matter. The Court finds that UN4's request for costs is reasonable.

### III. CONCLUSION

The Court, having reviewed the motions for default judgment and the remainder of the record, finds adequate bases for default judgment. Accordingly, the Court hereby finds and ORDERS:

1. UN4's motion for default judgment is GRANTED.

2. Defendant Al-Sultan is hereby permanently enjoined from infringing UN4's exclusive rights in the motion picture film *Boyka Undisputed 4*, including without limitation by using the Internet to reproduce or copy *Boyka Undisputed 4*, to distribute *Boyka Undisputed 4*, or to make *Boyka Undisputed 4* available for distribution to the public, except pursuant to lawful written license or with the express authority of UN4;

3. To the extent any unauthorized reproduction or copy of *Boyka Undisputed 4* is in defendant's possession or subject to his control, he is directed to destroy it;

4. Al-Sultan is jointly and severally liable along with defendants Kirwan, Penchev, Ramirez, Kuria, Morrison, Lim, Alhegni, Wentz, Gomez, Salzer, and Casses for statutory damages in the amount of $750;

5. Defendant Mortedha Al-Sultan is individually liable for attorneys' fees in the amount of $1,796[1] and costs in the amount of $142.

Dated this 21st day of May, 2019.

Robert S. Lasnik
United States District Judge

---

[1] This amount includes the $455 awarded to UN4 during discovery. Dkt. # 126.

ORDER GRANTING IN PART MOTION
FOR DEFAULT JUDGMENT - 7